PUERTO RICO TELEPHONE COMPANY, demandante y recurrente, *v.* RAMÓN RIVERA MARRERO, CONTRALOR DE PUERTO RICO, demandado y recurrido, *v.* AUTORIDAD DE TELÉFONOS DE PUERTO RICO, interventora y recurrente.

*Números:* R-83-185, R-83-186          *Resueltos:* 12 de mayo de 1983

*Luis R. Mellado*, de *Mellado, Mellado & Hernández*, abogado de la recurrente Autoridad de Teléfonos de Puerto Rico; *Sara De Jesús*, de *Brown, Newsom & Córdova*, abogada de la recurrente Puerto Rico Telephone Co.; *Carlos Rivera Vicente*, de *Cancio, Nadal & Rivera*, abogado del recurrido Contralor de Puerto Rico.

PER CURIAM: La Puerto Rico Telephone Company recurre de una sentencia en la cual se declara que el Contralor de Puerto Rico está facultado para auditar sus finanzas. Alega que no está sujeta a esta fiscalización por ser una corporación privada, y que esta medida no puede serle impuesta sin violentar la Constitución.

En *Torres Ponce* v. *Jiménez*, 113 D.P.R. 58 (1982), interpretamos la naturaleza público-privada de la recurrente, al decidir que estaba obligada a tratar a sus empleados de acuerdo con el principio de mérito, al igual que todas las entidades públicas. Allí expresamos:

> El problema más importante que confronta cada país es alcanzar el equilibrio adecuado entre la autonomía gerencial de estas corporaciones y la responsabilidad política de ofrecerle la dirección pública adecuada. A pesar de que se aproximan al *status* de personas legales privadas, esta característica no puede tener supremacía sobre las responsabilidades públicas que su organización conlleva. La combinación de ser reglamentada bajo la ley pública, de un lado, y bajo la ley privada, de otra parte, es un asunto todavía difícil de aceptar cuando se trata de analizar los problemas jurídicos, pero es esencial ante las circunstancias socio-históricas presentes. Pág. 65.

Véase también, *P.R. Telephone Co.* v. *Tribl. Contribuciones*, 81 D.P.R. 982, 1000–1001 (1960).

■ La recurrente no ha querido afrontar otra de sus responsabilidades públicas y ha comparecido el día de hoy a repetir los argumentos que rechazamos en *Torres Ponce* y a negar que esté sujeta a una auditoría por parte del organismo fiscalizador de las otras entidades del Gobierno. Sin embargo, lo expresado en aquella ocasión no debió haber dado lugar a dudas sobre la obligación de la Puerto Rico Telephone Company de someterse a este proceso. Dijimos al considerar las funciones de estos organismos: "De su estado financiero responderá a aquellos organismos dispuestos por ley, mediante informes periódicos preparados por auditores comerciales y los del propio gobierno. El hecho de que una corporación de esta naturaleza no funcione con el objetivo de hacer ganancias, sino de generar beneficio social, no justifica que su gerencia manifieste menor preocupación por el éxito de su administración. Al contrario, por razón de su *status* especial tiene una obligación mayor de examinar sus costos y rendir cuentas de sus operaciones." Pág. 64.

■ La recurrente además plantea que una intervención del Contralor en sus finanzas, haciendo públicos secretos de negocio, la pone en desventaja con otras corporaciones competidoras. Sin embargo, corresponde a la Asamblea Legislativa legislar si así lo cree conveniente, para determinar el método de intervención en este tipo de corporaciones y los límites de la auditoría que han de llevarse a cabo. Mientras ésta no actúe, la recurrente está sujeta al mismo tipo de intervención que las otras entidades públicas.

Alega también la recurrente que en los Estados Unidos el Contralor General no goza de la facultad que reclama para sí su contraparte local. Aparte de que tal norma, de existir, no nos obligaría, es totalmente incorrecta esta afirmación. En la jurisdicción federal el Contralor General está facultado para auditar no sólo las corporaciones en las que el Gobierno federal es el único accionista, sino también aque-

llas en las que el Gobierno ha tenido alguna participación. Véase, 31 U.S.C.A. sec. 9105. Véanse además, *The Public Corporation* (W. Friedmann ed.), Toronto, Ed. Carswell, 1954, págs. 354–359; C. H. Pritchett, *The Government Corporation Control Act of 1945*, 40 Am. Pol. Sci. Rev. 495 (1946).

*Se declarará sin lugar la petición de revisión.*

El Juez Asociado Señor Díaz Cruz no intervino.